

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00148-CR
_____

ROBERT MILES RITTERPUSCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 51st District Court
Sterling County, Texas[1]
Trial Court No. 984, Honorable Carmen Dusek, Presiding

January 8, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Subject to a plea bargain agreement, Appellant, Robert Miles Ritterpusch, pleaded guilty to the offense of aggravated robbery with an affirmative finding that he used or exhibited a deadly weapon in the commission of the offense.[2]  In accordance with the plea bargain, the trial court deferred adjudication of Appellant's guilt, placed him on

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by docket equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 29.03(a)(2).

community supervision for a period of ten years, and ordered that he was jointly and severally liable with co-defendants for restitution in the amount of $482.41. The judgment also assessed costs, including court-appointed attorney's fees, against Appellant. Appellant did not appeal from this judgment. The State filed a motion to revoke community supervision.[3] Appellant signed a stipulation of evidence in which Appellant admitted committing eighteen of the twenty-six violations alleged by the State. The trial court held a hearing on the State's motion, after which the trial court entered judgment adjudicating Appellant guilty of the original aggravated robbery charge. The trial court sentenced Appellant to twenty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. From this judgment, Appellant timely appealed. In presenting this appeal, counsel for Appellant has filed an *Anders[4]* brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the *Anders* brief and a motion to request the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying

---

[3] The State amended its motion to add additional alleged violations on three occasions.

[4] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief on the merits.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[5]

Judy C. Parker
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.